UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI DALE LASTER, JR., | No. 2:25-cv-1172-CKD P |
| Petitioner, | |
| v. | ORDER AND |
| MATTHEW P. BEAVERS, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner Levi Laster, Jr., an inmate at the Butte County Jail, filed a document on a form used for a petition for writ of habeas corpus. (ECF No. 1.) Petitioner has not sought leave to proceed in forma pauperis or paid the filing fee. For the reasons set forth below, the petition should be summarily dismissed without prejudice.

The court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") to screen the petition. See Habeas Rule 1(b) (a district court may "apply any or all of these rules" to any habeas petition). Thus, whether petitioner is in custody pursuant to a state court judgment and seeking relief under 28 U.S.C. § 2254, or is in pre-judgment custody and seeking relief under 28 U.S.C. § 2241, this case should be summarily dismissed if it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that petitioner is not entitled to relief. Habeas Rule 4; see also Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024).

1

1    Habeas relief is available if the prisoner's claim attacks the legality or duration of his
2    confinement. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Habeas relief is not cognizable if a
3    favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier
4    release from confinement." Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016).

5    The present petition indicates petitioner does not seek relief concerning a conviction or a
6    sentence. Instead, petitioner checked the box for "Other" and specified "I need to be in pro per in
7    civil court right away[.]" (ECF No. 1 at 2.) The only relief plaintiff appears to seek is a civil court
8    date and designation as a pro per plaintiff. (See id. at 3 ("Your honor I… just need a civil court
9    date in your court house that's all I'm asking for your honor for you to make me in pro per.")).
10   Subsequently, petitioner filed a motion for extension of time (ECF No. 3), but the court cannot
11   discern for what purpose the extension of time is sought.

12   The present petition appears to be a copy of the same pages filed as ECF No. 13 in Laster
13   v. Beavers, E.D. Cal. No. 2:25-cv-00968-EFB P, a civil rights suit in which plaintiff proceeds pro
14   se and in forma pauperis. In addition, the present petition is nearly duplicative of a habeas petition
15   in an earlier-filed habeas action in this court, Laster v. Robinson, E. D. Cal. No. 2:25-CV-1099
16   DAD AC P, with the only apparent differences being that the present petition does not have any
17   attachments and the named respondents are different.[1]

18   Because petitioner is not seeking immediate or earlier release from confinement, and
19   because he presents no claims for relief, he fails to state a cognizable habeas claim. The court
20   considers whether to convert the habeas petition to a civil rights action. See Nettles, 830 F.3d at
21   936. Because petitioner does not appear to be challenging his conditions of confinement, and
22   because the petition is duplicative of other matters filed by petitioner, the court should not convert
23   the petition to a civil rights action. Instead, the petition should be summarily dismissed without
24   prejudice. See Laster v. Robinson, No. 2:25-CV-1099 AC P, 2025 WL 1410797, at *1 (E.D. Cal.
25   Apr. 28, 2025) (recommending dismissal of nearly duplicative petition, noting petitioner "filed
26   seven civil rights complaints under 42 U.S.C. § 1983 and five habeas corpus petitions" in the

---

[1] The court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

previous five months, and instructing petitioner not to use the habeas corpus form to seek pro per status).

In accordance with the above, IT IS ORDERED as follows:

1. The Clerk of the Court shall assign a district judge to this case.

2. Petitioner's motion for extension of time (ECF No. 3) is DENIED as moot.

In addition, IT IS RECOMMENDED that the petition for writ of habeas corpus be summarily dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. In any objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 21, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, last1172.scrn.fr

3